Filed 2/17/26  P. v. Bowers CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MYRON GAYLON BOWERS,<br><br>Defendant and Appellant. | B342100<br><br>(Los Angeles County<br>Super. Ct. No. LA023523) |

APPEAL from an order of the Superior Court of Los Angeles County, Gregory A. Dohi, Judge.  Affirmed and remanded with directions.

James Crawford, under the appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney, Steven D. Matthews, Supervising Deputy Attorney General and Michael J. Wise, Deputy Attorney General, for Plaintiff and Respondent.

Defendant and appellant Myron G. Bowers appeals the trial court's order reimposing an upper term prison sentence at a resentencing hearing conducted pursuant to Penal Code section 1172.75. He argues, by reimposing the original upper term on sentence enhancements for committing a felony while armed with a firearm (Pen. Code, § 12022.5, subd. (a)),[1] the trial court violated his Sixth Amendment right to a jury trial because the aggravating factor relied upon by the resentencing judge (defendant's prior convictions were numerous and of increasing seriousness) was not stipulated to by the defense nor did a trier of fact find it existed beyond a reasonable doubt. We hold the plain language of the statute does not require such a finding and affirm the judgment.[2]

## BACKGROUND[3]

[1]      Further statutory references are to the Penal Code.

[2]      Defendant also argues the trial court erroneously calculated conduct credit earned prior to the initial sentencing, such that he was not given 32 days which he rightfully earned (15 percent of 214 actual days in custody per section 2933.1, subdivision (c)). The People concede the error and ask that it be corrected. The People also point out the abstract of judgment contains a typographical error in that it reflects 10,435 days of custody credit rather than 10,455 days the court orally awarded. We accept the concession and will order the erroneous abstract of judgment amended to reflect credit of 10,487 days (10,455+32).

[3]      Because our holding turns on the interpretation of statutory language, the details of the underlying charges are omitted. According to the People's opposition filed in the trial court, and adopted in the respondent's brief, defendant shot at two officers when they arrived on scene to investigate a report of a man assaulting and chasing a woman. Defendant's appellate

Following a 1996 jury trial, defendant was convicted of two counts of attempted murder (§§ 667, 187, subd. (a); counts 1 and 2), two counts of assault with a firearm on a peace officer (§ 245, subd. (d)(1); counts 3 and 4), aggravated false imprisonment (§ 210.5; count 5), assault with a firearm (§ 245, subd. (a)(2); count 6), and possession of a firearm by a felon (§ 12021, sub. (a)(1); count 10).  With respect to counts 1, 2, and 5, the jury also found defendant personally used a firearm in the commission of a felony.  (§ 12022.5, subd. (a).)  Two prior convictions that qualified as both a "strike" under the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and a serious felony (§ 667, subd. (a)) were found true.  It was also determined that defendant served four prior prison terms (§ 667.5, subd. (b)).  On October 11, 1996, the trial court imposed consecutive prison terms consistent with the Three Strikes law as follows:

*Count 1*:  47 years to life, consisting of 25 years to life for the charged offense, the upper term of 10 years per section 12022.5, subdivision (a),[4] 10 years for two prior convictions alleged pursuant to section 667, subdivision (a)(1), and one year for each of four prior convictions alleged under section 667.5, subdivision (b)[5] (two of which were stayed per section 654).

---

briefing does not include a summary of the prosecution's evidence.

[4]     The enhancement for personally using a firearm provides a sentencing court with the option of imposing a term of 3, 4, or 10 years.  (§ 12022.5, sub. (a).)

[5]     "Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained

3

*Count 2*:  35 years to life, consisting of 25 years to life for the charged offense plus the upper term of 10 years pursuant to section 12022.5, subdivision (a).

*Count 3*:  25 years to life for the charged offense, stayed pursuant to section 654.

*Count 4*:  25 years to life, stayed pursuant to section 654.

*Count 5*:  35 years to life, consisting of 25 years to life for the charged offense and the upper term of 10 years pursuant to section 12022.5, subdivision (a).

*Count 6*:  25 years to life, stayed pursuant to section 654.

*Count 10*:  25 years to life.

On February 24, 2023, the trial court appointed counsel to represent defendant due to the amendment to section 667.5, subdivision (b), and the enactment of section 1172.75 (allowing defendants to petition for resentencing if the prior conviction triggering the prison term enhancement  was not the product of a sexually violent offense).  Defendant filed a petition for resentencing which was opposed by the prosecution.[6]  With respect to the weapon enhancements, the prosecutor "submit[ted]

---

free of custody for at least five years.  (Former § 667.5, subd. (b).)  Effective January 1, 2020, [the Legislature] amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses. [Citations.]" (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380)  The information did not allege any of defendant's prior convictions were for sexually violent offenses.

[6]     The record includes the prosecutor's February 29, 2024 written opposition and defendant's October 17, 2024 response to the opposition.  However, defendant's motion is not a part of the appellate record because the superior court clerk certified that it could not be located.

to the court's discretion" but also pointed out that, "if so inclined" the court could rely on defendant's criminal convictions and maintain the upper term. Largely based on defendant's difficult childhood and his age of 64 years, defense counsel asked the court to dismiss all prior convictions that qualified as strikes and to resentence defendant to determinate terms.

The trial court struck one year of time imposed for each of the four prison term enhancements and two five-year enhancements for the prior serious felony convictions. The 10-year firearm enhancement corresponding to count 2 was stayed pursuant to section 654. In all other respects, the sentence remained the same, including imposition of the upper term on the remaining weapon enhancements.

## DISCUSSION

### *The Trial Court's Application of the Statutory Scheme*

Effective January 1, 2022, the Legislature added section 1172.75 (Stats. 2021, ch. 728, § 3), which renders "legally invalid" any prior prison term enhancement imposed under subdivision (b) of section 667.5 before January 1, 2020, except for those involving a sexually violent offense. (§ 1172.75, subd. (a).) If a judgment includes such an enhancement, the court must recall the sentence and resentence the defendant. (§ 1172.75, subd. (c).) At the resentencing, the trial court "shall . . . apply any other changes in the law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

When defendant was sentenced in 1996, the trial court was given the discretion to select a low, middle, or high/upper term prescribed by statute based on its balancing of aggravating and/or mitigating factors. (§ 1170, former subd. (b); Stats. 1977,

5

ch. 165, § 15, p. 647)  Effective January 1, 2022, the Legislature amended section 1170, subdivision (b), to make the middle term presumptive and to allow the imposition of the upper term only "when there are circumstances in aggravation of the crime," and the facts underlying those circumstances "have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (§ 1170, subd. (b)(2); Stats. 2021, ch. 731, § 1.3.) That same year, the Legislature implemented a similar rule with respect to resentencing:

> Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.

(§ 1172.75, subd. (d)(4).)

In assessing the upper term on the weapon enhancements, the trial court stated, "I believe that, to the extent that it's necessary, there are aggravating circumstances.  Even though the jury wasn't required then to make any special findings on aggravating circumstances, this court can, on its own . . . find aggravating circumstances based on the defendant's prior convictions, under [California Rules of Court, rule] 4.421, subdivision (b)(3), and those were numerous and of increasing seriousness.  So there's a reason to impose the high term on

6

the . . . gun enhancements."[7]  We review the trial court's ruling, not its rationale.[8]  (*People v. Zapien* (1993) 4 Cal.4th 929, 976; *Belair v. Riverside County Flood Control Dist.* (1988) 47 Cal.3d 550, 558.)

***Statutory Analysis***

Issues of statutory interpretation are reviewed de novo (*People v. Partee* (2020) 8 Cal.5th 860, 867) and begin with an examination of the text  (*People v. Superior Court* (*Guevara*) (2025) 18 Cal.5th 838, 856).  "If the language of the statute is not ambiguous, the plain meaning controls and resort to extrinsic sources to determine the Legislature's intent is unnecessary." (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 919; see also *People v. Walker* (2002) 29 Cal.4th 577, 581.)  "Although courts may disregard literal

---

[7]  California Rules of Court, rule 4.421, subdivision (b)(2), rather than subdivision (b)(3), appears to be the reference the court intended to make as the former points to a defendant's prior convictions as an aggravating factor if they are numerous or of increasing seriousness while the latter provides an aggravating factor for the service of a prior term in prison or county jail.

[8]  The People argue defendant forfeited his claim, citing *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 464–465 (*Brannon-Thompson*).  In *Brannon-Thompson*, the defendant did not seek relief pursuant to section 1172.75 but argued (unsuccessfully) on appeal that the trial court had an "'affirmative duty'" to apply the provision.  (*Ibid*.)  We are not confronted with those circumstances.  At the beginning of the hearing, the trial court stated, "We're here for a hearing on resentencing under Penal Code section 1172.75."  In addition, because defendant's appellate argument implicates his Sixth Amendment right to a jury trial, the contention is not forfeited. (*People v. French* (2008) 43 Cal.4th 36, 46–48.)

7

interpretation of a statute . . . [citation], they should do so rarely, and only in 'extreme cases'—those in which, as a matter of law, the Legislature did not intend the statute to have its literal effect . . . ." (*Gorham Co., Inc. v. First Financial Ins. Co.* (2006) 139 Cal.App.4th 1532, 1543–1544.)

"[A] proviso or clause beginning with the word 'unless' means an exception or condition subsequent rather than a condition precedent." (*Baggett v. Housing Authority* (1987) 195 Cal.App.3d 383, 389.)  Thus, because section 1172.75, subdivision (d)(4) begins with the word "unless", the provision can easily be broken down into two components, a requirement and an exception.  To impose a sentence exceeding the midterm, it is required that there was a stipulation to aggravating circumstances, or a factfinder must have found aggravating circumstances true beyond a reasonable doubt.  This requirement, however, is not applicable where, as here, the court originally imposed the upper term.  There is no ambiguity. (*People v. Brannon-Thompson, supra,* 104 Cal.App.5th at pp. 466–467 [plain meaning of § 1172.75, subd. (b) is that its requirements apply only if a trial court is imposing an upper term for the first time]; accord, *People v. Dozier* (2025) 116 Cal.App.5th 700, 712–713.)

Defendant contends the plain meaning of the statute should not be followed because to do so would violate his Sixth Amendment right to a jury trial.  He suggests we disregard *Brannon-Thompson* and apply *People v. Gonzalez* (2024) 107 Cal.App.5th 312 (*Gonzalez*)—a case that disagreed with *Brannon-Thompson* on the ground that the Sixth Amendment demands the burden of proof requirements apply even if the upper term

8

was imposed on the original sentence. (*Id.* at pp. 328–332.)[9] In our view, *Brannon-Thompson* offers the better approach.

Aside from the importance of adhering to the plain meaning of the statute, *Gonzalez* did not address the principle that the Sixth Amendment requires "any fact that exposes a defendant to *a greater potential sentence* must be found by a jury, not a judge, and established beyond a reasonable doubt." (*Cunningham v. California* (2007) 549 U.S. 270, 281, italics added.) Section 1172.75 is an ameliorative statute that precludes the imposition of any greater sentence and only permits resentencing courts to reduce the original sentence or leave it intact. (§ 1172.75, subd. (d)(1).) In other words, the provision does not contemplate improper factfinding to impose a sentence that is greater than the original sentence. (See *People v. Perez* (2018) 4 Cal.5th 1055, 1063–1064 [Proposition 36 resentencing scheme does not violate the Sixth Amendment because a factual finding that results in resentencing ineligibility does not increase the defendant's sentence; it simply allows the original sentence to remain].)[10]

---

**9** In its effort to save section 1172.75, subdivision (d)(4) from what it perceived to be constitutional infirmity, *Gonzalez* interpreted the first sentence of the provision as "restrict[ing] the scope of defendants eligible to receive the upper term at resentencing . . . ." (*Id.* at pp. 329–330.)

**10** The issue of whether section 1172.75, subdivision (d)(4) allows the trial court to reimpose an upper term sentence when circumstances in aggravation were neither stipulated to nor found true beyond a reasonable doubt is pending before the Supreme Court in *People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903.

**DISPOSITION**

The trial court is directed to amend the abstract of judgment to reflect (1) the trial court's oral pronouncement of 10,455 days of credit for actual time served in custody, (2) an additional 32 days of conduct credit, and (3) a total of 10,487 days of custody credit. The amended abstract of judgment is to be forwarded to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

KUMAR, J.*

We Concur:

HOFFSTADT, P. J.

MOOR, J.

_____

* Retired Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.